UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-CR-110-TAV-DCP-1 |
| ) | |
| MALIK FIRST BORN ALLAH FARRAD, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the District Court's Order of Referral [Doc. 99], to address Defendant's Motion to Compel [Doc. 98]. For the reasons stated herein, the undersigned **RECOMMENDS** that Defendant's Motion to Compel [Doc. 98] be **DENIED**.

**I.      BACKGROUND**

On September 9, 2014, Defendant, Malik First Born Allah Farrad, was charged by indictment with the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) [Doc. 3]. On November 19, 2014, Scott Saidak was appointed by the Court to represent Defendant [Doc. 10]. After a jury trial, Defendant was found guilty on June 17, 2015 of the single count of being a felon in possession of a firearm [Doc. 40]. Defendant was then sentenced to a term of 188 months' imprisonment, followed by five years of supervised release [Doc. 56]. After Attorney Saidak made an oral motion during the sentencing hearing to withdraw as counsel of record for Defendant, and Defendant was not opposed to Mr. Saidak's withdrawal, the Court granted the motion to withdraw [Doc. 55].

On January 21, 2016, Defendant filed a pro se Motion for New Trial [Doc. 59], and was subsequently appointed a new attorney [Doc. 70]. Defendant's Motion for New Trial was denied on November 15, 2016 [Doc. 89]. After Defendant filed a Notice of Appeal [Doc. 90], the Sixth Circuit affirmed the judgment of the Court on July 18, 2018 [Doc. 97]. Defendant then filed his pro se Motion to Compel on August 2, 2018 [Doc. 98].

## II. ANALYSIS

In his motion, Defendant requests that the Court compel his former attorney, Scott Saidak, to provide all discovery and personal letters that Defendant sent Mr. Saidak relating to his criminal case [Doc. 98 p. 1–2]. Defendant claims that he intends to file a motion under 28 U.S.C. § 2255, and that Mr. Saidak has refused to provide these materials [*Id.* at 2–3].

Defendant seeks leave from the Court to conduct discovery prior to the filing of his § 2255 motion. Under Rule 6(a) of the Rules Governing Section 2255 Proceedings, "a district court may authorize a movant to conduct discovery upon a showing of good cause." *See Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012). The Supreme Court has held that good cause is established "where specific allegations before the court show reason to believe the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1959)). However, "[t]here is no automatic right to discovery in connection with the preparation of a § 2255 motion." *United States v. Gabor*, No. 1:10-cr-387, 2015 WL 3540058, at *2 (N.D. Ohio June 4, 2015) (citing *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)). Further, with respect to criminal defendants seeking copies of their attorney's records after a conviction, "no statute guides

2

this analysis," but such requests have been construed "as requests for discovery." *United States v. Turner*, No. 3:08-cr-141, 2016 WL 5887760, at *3 (S.D. Miss. Oct. 7, 2016).

In the instant case, the Court finds that Defendant has not demonstrated good cause for his discovery request; as he has not filed a § 2255 motion or alleged how the requested materials relate to any future grounds for relief under 28 U.S.C. § 2255. First, "[f]ederal courts rarely permit pre-petition discovery." *See United States v. Lawrence*, No. 2:05-CR-011, 2015 WL 7570515, at *3 (S.D. Ohio Nov. 25, 2015) (citing *Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996); *United States v. Tamayo*, 238 F.3d 425, 2000 WL 1871673, at *1 (6th Cir. 2000); *Orbe v. True*, 201 F. Supp. 2d 671, 677–80 (E.D. Va. 2002)).

Next, Defendant fails to allege how the requested discovery materials will support any potential claim for relief under 28 U.S.C. § 2255. Rather, Defendant's blanket request for all discovery and letters related to his case constitutes a "fishing expedition," which is "not a proper purpose for the discovery process." *Gibson v. United States*, Nos. 3:17-CV-21-TAV, 3:15-CR-66-TAV-HBG-1, 2017 WL 2222927, at *2 (E.D. Tenn. May 19, 2017) (citing *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (instructing that Rule 6 of the Rules Governing Section 2254 Cases does not "sanction fishing expeditions based on conclusory allegations") (internal quotations omitted); *Till v. United States*, No. 107-CV-55, 2007 WL 1704397, at *7 (W.D. Mich. June 11, 2007) (citing *Bagley*, 380 F.3d at 974) (observing that a § 2255 movant may not "embark upon a 'fishing expedition' based solely on conclusory allegations")). Lastly, "[w]ithout a formal § 2255 motion before it, this Court cannot fulfill its requirement to determine whether Defendant has satisfied Rule 6's 'good cause' standard." *United States v. Lawrence*, No. 2:05-CR-011, 2015 WL 7570515, at *3 (S.D. Ohio Nov. 25, 2015).

Ultimately, Defendant has not established good cause with respect to his discovery request, as he has not demonstrated that the requested discovery could lead to evidence enabling him to demonstrate that he is entitled to relief.

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court **RECOMMENDS** that Defendant's Motion to Compel [Doc. 98] be **DENIED**.[1]  The Clerk is **DIRECTED** to send Defendant a copy of the Court's Report and Recommendation.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).