UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:14-CR-110-TAV-DCP-1 |
| MALIK FIRST BORN ALLA FARRAD, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on the Report and Recommendation ("R&R") entered by United States Magistrate Judge Debra C. Poplin, on September 16, 2018 [Doc. 101]. In the R&R, Magistrate Judge Poplin recommends that the Court deny the defendants' pro se motion to compel [Doc. 98]. Defendant, again proceeding pro se, has filed objections to the R&R [Doc. 102].

This Court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). "[A]bsent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th

Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

De novo review is not necessary here because the defendants' objections are conclusive and general. Defendant's objections merely repeat the same factual allegations and conclusions as his motions to compel and offer no legal or factual argument the Court could properly consider. In other words, defendant's objections do not "pinpoint those portions of the [R&R]" under objection. *Mira*, 806 F.2d at 637 (quoting *Nettles*, 677 F.2d at 404).

The Court is, of course, mindful of its duty to "liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se*." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). Accordingly, the Court has independently reviewed the R&R and agrees with Magistrate Judge Poplin's recommendations, which are hereby incorporated into this ruling. Accordingly, the Court **ADOPTS** the R&R in its entirety [Doc. 101].

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE